# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

EVAN FISHINGHAWK,

        Plaintiff,

v.                                     No. CIV 18-109-RAW-SPS

SHELLY KISSINGER, et al.,

        Defendants.

## OPINION AND ORDER

Plaintiff is a pro se state prisoner incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma. He is proceeding *in forma pauperis* in this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged violations of his constitutional rights in Cherokee County, Oklahoma (Dkt. 1). The defendants are Shelly Kissinger, Cherokee County Court Clerk; Don LNU, Transportation Officer; Chris LNU, Transportation Officer; Crystal Jackson, Attorney, Jackson Law Firm; and Rachelle Dallis, Assistant District Attorney for Cherokee County.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid

dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

2

555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Request for Release from Custody**

As an initial matter, Plaintiff has requested relief in the form of monetary damages or release from custody. Claims for release from custody, however, cannot be considered in a civil rights action. This form of relief may be pursued through a petition for a writ of habeas corpus.

**Plaintiff's Allegations**

Plaintiff has set forth the following allegations in his complaint:

> My Notice to Appeal Criminal Conviction was not Legally Filed or Acknoledged being Deliberately ignored and or Destroyed by Defendants. D/O Don Told me I Turned it in to Court Clerk Kissinger and Advise Rachielle Dallis and Crystal Jackson of Your wanting to Appeal. They Got Your Letter "Notice to Appeal" on 12-4-17.

(Dkt. 1 at 3) (errors in original).

**Defendants Don LNU and Chris LNU**

Plaintiff alleges Transportation Officers Don LNU and Chris LNU delivered Plaintiff's notice of appeal to Defendant Court Clerk Shelly Kissinger on December 4, 2017 (Dkt. 1 at 5). Plaintiff, however, has failed to allege how Defendants Don LNU and Chris LNU violated his constitutional rights.

Pursuant to 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity,

3

or other proper proceeding for redress . . . ." Because Plaintiff has failed to allege which of his rights were violated by Defendants Don LNU and Chris LNU, or how the rights were violated, the Court finds Plaintiff has failed to state a claim against these defendants. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

**Defendant Rachelle Dallis**

Plaintiff alleges Rachelle Dallis, Cherokee County Assistant District Attorney, was advised by Defendant Don LNU of Plaintiff's December 4, 2017, notice of appeal (Dkt. 1 at 5). Although unclear, Plaintiff apparently believes Defendant Dallis deliberately ignored the notice. He, however, does not assert how Dallis' action or inaction violated his constitutional rights.

A prosecutor possesses prosecutorial immunity from § 1983 lawsuits for damages which are predicated on her performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). Therefore, Plaintiff has failed to state a claim against Dallis. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

**Defendant Shelly Kissinger**

Plaintiff also has sued Shelly Kissinger, Cherokee County Court Clerk. He claims his notice of appeal was deliberately ignored and deliberately "abridged" from filing (Dkt. 1 at 4-5). "Absolute judicial immunity has . . . been extended to non-judicial officers, like clerks of court, 'where their duties had an integral relationship with the judicial process.'" *Sawyer v. Gorman*, 317 F. App'x 725, 728 (2008) (unpublished) (quoting *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000)). Therefore, the Court finds Plaintiff has failed to state a claim against Defendant Kissinger. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

**Defendant Crystal Jackson**

Plaintiff also has named his attorney, Crystal Jackson, as a defendant. It is unclear, however, whether Defendant Jackson was a public defender or a private attorney.

Court-appointed lawyers usually are not considered state actors for section 1983 purposes. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). If Defendant Jackson was Plaintiff's private attorney, the Tenth Circuit follows "the 'vast weight of authority' [which] holds that 'private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983.'" *Anderson v. Kitchen*, 389 F. App'x 838, 841 (10th Cir. 2010) (quoting *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983)). Therefore, the Court finds Plaintiff has not stated a claim against Defendant Jackson. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

**ACCORDINGLY,** this action is DISMISSED in its entirety pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 11th day of June 2018.

**Dated this 11th day of June, 2018.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma